# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JAMES R. EZELL,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CIV-12-133-FHS-SPS |
| ) | |
| **TIM WILKINSON, et al.,** ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

This action is before the court on the defendants' motions to dismiss or for summary judgment. The court has before it for consideration plaintiff's second amended complaint, the defendants' motions, and plaintiff's response. Plaintiff is an inmate in the custody of the Oklahoma Department of Corrections (DOC) who is incarcerated at Davis Correctional Facility, a private prison in Holdenville, Oklahoma. He brings this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations during his incarceration at that facility. The defendants are Tim Wilkinson, DCF Warden; Rebecca Adams, DCF Grievance Coordinator; Mr. Baird, DCF Unit Manager; William Barlow, DCF Unit Manager; Carla Hoover, Unit Clerk; Diana Jones; Stacy Young; Debbie Morton, DOC Director's Designee; James Baily, DCF Correctional Officer; and Mr. Islnes, DCF Correctional Officer.[1]

In his incoherent second amended complaint, plaintiff apparently is claiming he was placed on grievance restriction and previously had filed grievances against Defendant Islnes for a racial slur. On March 29, 2012, Isles and Defendant Bailey allegedly threatened to harm plaintiff's food. Bailey also called plaintiff a "punkass coward" for filing grievances and serving papers on Defendant Hoover. Plaintiff further claims Defendant Adams attempts to "screen out" his grievances, and Adams allegedly admitted she did not return a

---

[1] Defendants Baird and Islnes have not been served.

Grievance Restriction Affidavit.

Plaintiff alleges that on March 29, 2012, Isles refused to accept his mail, telling him to file a grievance. Isles started passing out clean cloths, but he was throwing them on the floor. Plaintiff told Isles to hang his cloth on the door handle, but Isles told him to file a grievance and then threw plaintiff's cloth on the floor. Isles told plaintiff, "I have to feed you, watch your food, snitch." At pill call plaintiff told the nurse and then went on suicide watch because of the threats.

Plaintiff's grievance restriction required all pages of his affidavit to be notarized by Unit Clerk Hoover. Although unclear, it appears plaintiff is claiming that a delay in notarization denied his access to the grievance process. He alleges that on April 19, 2012, he was denied personal copies of the notarized affidavit required for his grievance because of his grievance restrictions. Plaintiff reported the situation to Unit Manager Foster who delayed the copies by redirecting the request in an attempt to default the grievances against Defendants Islnes and Bailey. Then, Defendant Adams intentionally tried not to follow policy. As of April 26, 2012, Defendant Debbie Morgan had not responded to plaintiff's grievance appeal.

**Standard of Review**

To survive a motion to dismiss, a complaint must set forth factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff need not detail factual allegations in the complaint, but must provide the grounds of entitlement to relief, which entails more than labels and conclusions, and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. When considering a motion to dismiss, courts look to the complaint and those documents attached to or referred to in the complaint, accept as true all allegations contained in the complaint, and draw all reasonable inferences from the pleading in favor of the pleader. *Pace v. Swerdlow*, 519 F.3d 1067, 1072 (10th Cir. 2008); *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir.

2007).  A court, however, is not bound to accept as true a plaintiff's legal assertions.  *Iqbal*, 556 U.S. at 678.

Although the court is required to exercise a liberal interpretation of plaintiff's pleadings, *Haines v. Kerner*, 404 U.S. 519 (1972), the court need not assume the role of advocate for plaintiff, and he must present more than conclusory allegations to survive a motion to dismiss for failure to state a claim, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Id.* (citing cases).  "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted."  *Id*.

**Defendant Debbie Morton**

Defendant Debbie Morton has filed a motion to dismiss or for summary judgment (Docket No. 47), asserting, among other things, that plaintiff has not alleged her personal participation.  "Personal participation is an essential allegation in a § 1983 claim."  *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (citations omitted).  *See also Mee v. Ortega*, 967 F.2d 423, 430 (10th Cir. 1992).  Plaintiff must show that a defendant personally participated in the alleged civil rights violation.  *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996).  Supervisory status is not sufficient to support liability under § 1983.  *Id. See also Polk County v. Dodso*n, 454 U.S. 312, 325 (1981).  Furthermore, "a denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by the plaintiff, does not establish personal participation under § 1983."  *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citations omitted).  Because plaintiff has failed to allege Defendant Morgan's personal participation, the claim against her must be dismissed.

**Defendants Barlow, Hoover, Adams, Jones, Wilkinson, Bailey, and Young**

The remaining served defendants also have filed a motion to dismiss (Docket No. 41),

3

alleging plaintiff has failed to properly exhaust the administrative remedies for his claims. "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Inmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted). In deciding a motion to dismiss based on nonexhaustion, the court can consider the administrative materials submitted by the parties. *See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003), *abrogated in part on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007).

According to DOC Policy OP-090124, "Inmate/Offender Grievance Process," an inmate first must attempt to resolve his complaint informally. If that is unsuccessful, he may submit a Request to Staff (RTS). If the complaint still is not resolved, he then may file a grievance. If the grievance also does not resolve the issue, the inmate may appeal to the Administrative Review Authority or the Chief Medical Officer. The administrative process is exhausted only after all of these steps have been taken.

According to the defendants, the contract between DOC and CCA/DCF additionally requires DCF to maintain a grievance policy through which the inmates can address issues pertaining to their confinement at DCF that are not necessarily applicable to the DOC, such as inmate property or staff issues. CCA/DCF Grievance Policy 14-5 also requires an inmate first to attempt resolution of an issue through informal procedures before filing a formal grievance. If the grievance fails to resolve the issue, the inmate should submit an appeal to the warden for final resolution.

The record shows that plaintiff was issued a Grievance Restriction Warning by

4

Defendant Debbie Morton, DOC Administrative Review Authority Manager, on December 30, 2011.  The Warning advised plaintiff that his grievance was being returned unanswered because of his "Repeated submission of [G]rievances/Appeals with continued procedural error."  The warning further stated:

> I am issuing a restriction warning for the misuse of the grievance process.  Per OP-090124 entitled Inmate/Offender Grievance Process, Section IX, states in part, "The appropriate reviewing authority or medical deputy director may determine there is abuse or misuse of the grievance process, and may restrict the inmate's/offender's capacity to submit a grievance.  The abuse may be, but is not limited to:  a.) grievances intended to harass another; b.) the continual and repeated submitting of frivolous grievances; c.) **the repeated submitting of grievances or "Requests to Staff" about an issue previously addressed by staff in their written responses;** d.) grievances about de minimis (small, trifling, no available remedy) issues; e.) repetitive grievances by multiple inmates/offenders about the same issue; f.) an inmate/offender using letters and failing to bring complaints by formal grievance; and g.) **continued procedural defects,** such as submitting additional pages, after having been previously warned."  Continued abuse at any level of the grievance process as explained in section IX of OP=090124, will result in restrictions being imposed.  Consider yourself warned.

(Docket No. 41-3 at 2) (emphasis in original).

Despite the warning, plaintiff filed an untimely grievance on January 3, 2012.  The next day Defendant Morton sent plaintiff a letter advising he had been placed on a 12-month grievance restriction because of his refusal to follow the grievance process. (Docket No. 41-3 at 4).  The grievance restriction required him to follow the steps outlined in Section IX of OP-090124, before submitting a grievance at any level.  *Id.*  The defendants point out that despite being on grievance restriction, plaintiff was not denied access to the grievance process.  Instead, the restriction only increased the number of steps required to reduce frivolous and abusive filings.

According to the defendants' administrative records, plaintiff filed three grievance on May 1, 2012: Grievance No. 2012-1001-00318-G, complaining that Officer Islnes had failed to respond to a March 29, 2012, Request to Staff regarding laundry; Grievance No. 2012-1001-00319-G, complaining that Officer Bailey had failed to respond to a Request to Staff addressing plaintiff's allegation that Bailey had disrespected him; and Grievance No. 2012-

5

1001-00320-G, concerning an alleged denial of legal copies. All three grievances were returned unanswered on May 1, 2012, with notations that plaintiff had failed to attempt an informal resolution, he was on grievance restriction, and the proper documentation had not been included. Plaintiff resubmitted the grievances on May 8, 2012, and they again were returned unanswered on May 9, 2012, because plaintiff was on grievance restriction, proper paperwork was not included, and the resubmitted grievances were untimely. Therefore, plaintiff did not exhaust his administrative remedies for these claims.

**ACCORDINGLY,** Defendant Debbie Morgan's motion to dismiss (Docket No. 47) is GRANTED for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6), and Defendant Morgan is DISMISSED WITH PREJUDICE. Defendants William Barlow, Carla Hoover, Rebecca Adams, Diana Jones, Tim Wilkinson, James Bailey, and Stacy Young's motion to dismiss (Docket No. 41) is GRANTED for plaintiff's failure to exhaust his administrative remedies, pursuant to 42 U.S.C. § 1997e(a), and Defendants Barlow, Hoover, Adams, Jones, Wilkinson, Bailey, and Young are DISMISSED WITHOUT PREJUDICE. All other pending motions are DENIED. This dismissal shall count as a STRIKE, pursuant to 28 U.S.C. § 1915(g).

DATED this 30th day of September, 2013.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma